805 F.2d 1034
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel Henderson JONES, Plaintiff-Appellant,
v.
William Murphy HOWARD, Danny Alvin Castle, Larry Ayers,
Kenneth Wier, and Douglas Wilson, Defendants-Appellees
 No. 86-5459.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1986.
 
 Before ENGEL, JONES and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff appeals pro se from the district court's order and judgment adopting the magistrate's report and recommendation dismissing plaintiff's complaint. Plaintiff also appeals the district court's order denying his motion to countermand the judgment dismissing his complaint. In conjunction with this appeal plaintiff has filed a motion for counsel.
 
 
 2
 In his informal brief plaintiff presents the issue of whether or not the district court erred in deciding that the defendants' failure to make comparison tests of his sperm and that taken from the victim deprived him of due process of law at trial.
 
 
 3
 The district court correctly decided to dismiss sua sponte plaintiff's complaint as frivolous pursuant to Title 28 U.S.C. Sec. 1915. Neither the state nor defense counsel is required to take a sample of sperm from the defendant or to test it. Hilliard v. Spalding, 719 F.2d 1443, 1447 (5th Cir.1983). The court stated:
 
 
 4
 We therefore hold that in a case of this type, if a sperm sample is taken from the victim and the prosecution is in possession of or has control over the sample and is aware of its exculpatory nature, the prosecution is constitutionally required to disclose the existence of the sample and to make it available to the defense, even if defense counsel does not specifically request that the prosecution do so. This holding does not require the government to take a sample, or to independently test it. Nor does it require defense counsel to test the sample. It simply guarantees the defendant access to what could be conclusively exculpatory evidence, to utilize in whatever manner he deems appropriate. Id. at 1447. (Emphasis added.)
 
 
 5
 Thus, if the court follows this analysis plaintiff has not stated a cause of action for which relief can be granted.
 
 
 6
 The district court also correctly held that plaintiff's public defender's alleged negligent failure to test the sample does not rise to a constitutional violation and therefore is not actionable under 42 U.S.C. Sec. 1983. Davidson v. Cannon, 53 U.S.L.W. 4095, 4096 (U.S. Jan. 21, 1986) (No. 84-6470). However, the district court correctly noted that plaintiff may seek relief through a petition for writ of habeas corpus on the grounds of ineffective assistance of counsel, but only after his state remedies are exhausted.
 
 
 7
 For these reasons, it is ORDERED that the district court's judgment be affirmed. Sixth Circuit Rule 9(d)(3). The motion for counsel is therefore denied.